J-S65024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FREDDIE MOULTRIE, | |
| Appellant | No. 176 EDA 2014 |

Appeal from the PCRA Order of December 16, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0300071-2002
CP-51-CR-0300081-2002

BEFORE: PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:          **FILED NOVEMBER 18, 2014**

Appellant, Freddie Moultrie, appeals from the order entered on December 16, 2013, dismissing his *pro se* petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court set forth the facts and procedural history of this case as follows:

> On July 16, 2002, [Appellant] appeared before the Honorable Carolyn Engel Temin and pled guilty to two counts of robbery; two counts of possessing an instrument of crime ("PIC"); and one count of criminal conspiracy. Evidence adduced at the plea [hearing] established that on June 8, 2001, [Appellant] robbed a CVS store. He demanded cash from the store clerk at [gunpoint]; the clerk complied. On June 15, 2001, [Appellant] robbed the assistant manager of the ABC Auto Parts store, using a handgun. [Appellant] threatened to shoot the assistant manager and demanded money from the cash register. [Appellant] received $800[.00] in cash, and fled in a getaway car. On September 26, 2002, the [trial] court sentenced [Appellant] to consecutive terms of eight to

*Retired Senior Judge assigned to the Superior Court.

twenty years' imprisonment for both robbery counts, and a term of twenty years of probation for one count of PIC. No further sentence was imposed on the remaining charges.

[Appellant] filed a timely appeal of the judgment of sentence and counsel was appointed to represent him. Appellate counsel, however, failed to file a brief and [this Court] dismissed the appeal without prejudice. [Appellant] then filed a timely PCRA petition for the reinstatement of his appellate rights on November 7, 2003. After an amended petition was filed with the assistance of counsel, the PCRA court granted [Appellant] relief and allowed him to appeal the judgment of sentence *nunc pro tunc*. [This Court] affirmed the judgment of sentence on March 23, 2006.

[Appellant] did not seek relief with the Pennsylvania Supreme Court, and, consequently the judgment of sentence became final on April 22, 2006. On April 23, 2013, [Appellant] filed a *pro se* "petition for writ of *habeas corpus*." PCRA counsel was appointed on June 18, 2013. PCRA counsel filed a detailed and thorough [] no-merit letter [pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)] on September 23, 2013. Counsel's letter indicated that although [Appellant] may have a claim of arguable merit, that claim was jurisdictionally time-barred, and no exception applied. After careful review of counsel's **Finley** letter and an independent review of the entire record, [PCRA counsel was permitted to withdraw, and Appellant] was given notice on October 9, 2013, of [the PCRA] court's intention to dismiss the petition pursuant to Pa.R.Crim.P. 907. [Appellant] filed a timely *pro se* response to the Rule 907 notice. [The PCRA] court carefully reviewed [Appellant's] response, but did not discern the existence of any exception that would grant [it] jurisdiction under the PCRA. As such, [Appellant's] PCRA petition was dismissed by order [] on December 17, 2013. [Appellant] then filed a timely [*pro se*] appeal.

PCRA Court Opinion, 4/23/2014, at 1-2 (footnotes omitted).

On appeal, Appellant presents the following issues *pro se*:

1. Did the PCRA court below abuse its discretion by characterizing Appellant's writ of *habeas corpus* as a

PCRA petition and denying relief based upon the PCRA's one-year jurisdictional timing requirement?

2. Did the court below abuse its discretion by failing to correct Appellant's illegal sentence, a claim that cannot be waived?

3. Did the lower court or the District Attorney's Office willfully destroy Appellant's guilty plea colloquy and sentencing hearing transcripts to evade addressing a meritorious claim, that appointed counsel so much as conceded in his *Finley* letter?

Appellant's Brief at 4 (numbered and rephrased for clarity and ease of discussion).

In his first issue presented, Appellant claims that the trial court erred in treating his writ of *habeas corpus* as a petition under the PCRA. *Id.* at 9-10. He argues that his sentence was "an act of fraud" by the court because his sentence for PIC is illegal as it exceeds the statutory maximum for that crime. *Id.* at 9. Appellant asserts that the trial court had the inherent power to correct his illegal sentence. *Id.* at 9-10.

This Court has recently determined:

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

*Commonwealth v. Taylor*, 65 A.3d 462, 465-466 (Pa. Super. 2013) (citations omitted).

A *habeas corpus* motion challenging a sentence as exceeding the statutory maximum allowable must be treated as a PCRA petition. ***Id.*** at 468; ***see also*** 42 Pa.C.S.A. § 9542 (The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief."). Here, Appellant is collaterally challenging his sentence imposed for PIC as illegal. Hence, despite titling his motion as a writ of *habeas corpus*, the trial court properly treated it as PCRA petition. Accordingly, Appellant's first issue is without merit.

Next, we examine Appellant's remaining contentions together. Appellant claims that the trial court erred by dismissing his petition because illegality of sentence claims cannot be waived. Appellant's Brief at 13. He maintains that the trial court was ethically obligated, and legally bound, to correct the sentence. ***Id.*** at 14. He claims that the trial court should reach the merits of his sentencing claim because appointed counsel conceded it was potentially meritorious. ***Id.*** at 15. Finally, Appellant contends that the notes of testimony from his 2002 sentencing hearing were willfully destroyed by the Commonwealth and that such a fact was previously unknown to him, thus, qualifying as an exception to the PCRA's one-year jurisdictional time-bar. ***Id.*** at 16.

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. ***Commonwealth v. Johnson***, 51 A.3d 237, 242-243 (Pa. Super. 2012) (citation and quotation

omitted). Claims challenging the legality of sentence are subject to review within the PCRA, but must first satisfy the PCRA's time limits. ***Commonwealth v. Jackson***, 30 A.3d 516, 522 (Pa. Super. 2011).

"Because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the timeliness of Appellant's petition." ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa. Super. 2014) (citations omitted). Under the PCRA, "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1).

In the case *sub judice*, this Court affirmed Appellant's judgment of sentence on March 23, 2006. Appellant did not appeal our determination to the Pennsylvania Supreme Court. Thus, his judgment of sentence became final on April 22, 2006, thirty days after this Court affirmed his judgment of sentence and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. As such, Appellant's PCRA petition filed in April 2013 was patently untimely.

There are three exceptions to the PCRA's one-year timing requirement. To invoke one of the exceptions, the PCRA petition must allege, and the petitioner must prove, that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

> Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[E]xceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a).

Here, Appellant did not plead or prove an exception to the PCRA's one-year time timing requirement in his PCRA petition. For the first time on appeal, Appellant argues that the transcripts from his sentencing hearing were willfully destroyed and this "fact" was previously unknown to him. We simply lack jurisdiction to review any claim Appellant raises for the first time on appeal.[1] *Burton*, 936 A.2d at 525.

_____

[1] Even if Appellant preserved this claim before the PCRA court, we would conclude that he did not properly invoke the timeliness exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii). The thrust of Appellant's claim alleges that the sentencing court imposed an illegal sentence for Appellant's PIC conviction because it ordered him to serve a sentence that exceeded the statutory maximum. This admittedly meritorious claim involved a straight forward question of law that turns exclusively upon the provisions of the trial court sentencing order and the statutorily allowable punishment applicable to a PIC conviction. Appellant has not explained, and in our view cannot explain, how the existence or destruction of the transcript of his sentencing

*(Footnote Continued Next Page)*

- 6 -

In sum, the trial court properly treated Appellant's illegality of sentence issue under the parameters of the PCRA. Appellant presented the claim in an untimely manner as mandated under the PCRA. We lack jurisdiction to address Appellant's belated invocation of an exception to the PCRA. For all of the foregoing reasons, neither the PCRA court nor this Court has jurisdiction to reach the merits of Appellant's underlying contention. Accordingly, the PCRA court properly dismissed Appellant's petition as untimely.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: <u>11/18/2014</u>

---

*(Footnote Continued)*

hearing is relevant to proving his challenge to the legality of his PIC sentence. Because Appellant cannot establish that his sentencing claim is predicated upon any allegedly unknown or unknowable fact, he is not entitled to relief.